Timothy J. Preso
Earthjustice
313 East Main Street
Bozeman, MT 59715
(406) 586-9699 | Phone
(406) 586-9695 | Fax
tpreso@earthjustice.org

*Counsel for Plaintiffs Sierra Club,*
*Center for Biological Diversity, and*
*National Parks Conservation*
*Association and Local Counsel for*
*Plaintiff Northern Cheyenne Tribe*

Beth Baldwin
Ziontz Chestnut
2101 Fourth Avenue, Suite 1230
Seattle, WA 98121
(206) 448-1230 | Phone
(206) 448-0962 | Fax
bbaldwin@ziontzchestnut.com

*Counsel for Plaintiff Northern*
*Cheyenne Tribe*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| CROW INDIAN TRIBE, et al., | ) |
| | ) Case No. CV 17-89-M-DLC |
| Plaintiffs, | ) |
| | ) (consolidated with Case Nos. |
| v. | ) CV 17-117-M-DLC, |
| | ) CV 17-118-M-DLC, |
| UNITED STATES OF AMERICA, et al., | ) CV 17-119-M-DLC, and |
| | ) CV 17-123-M-DLC) |
| | ) |
| Federal Defendants, | ) **MEMORANDUM IN SUPPORT** |
| | ) **OF PLAINTIFFS NORTHERN** |
| and | ) **CHEYENNE TRIBE, ET AL.'S** |
| | ) **MOTION FOR AN AWARD OF** |
| STATE OF WYOMING, et al. | ) **ATTORNEYS' FEES AND** |
| | ) **COSTS** |
| Defendant-Intervenors. | ) |
| | ) |

Plaintiffs in these consolidated cases, Northern Cheyenne Tribe, Sierra Club, Center for Biological Diversity, and National Parks Conservation Association (collectively, "Plaintiffs"), hereby request an award of attorneys' fees and costs under the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(4), and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $359,963.13.

This application seeks recovery of attorneys' fees and costs for litigation of this matter in this Court and the Ninth Circuit.  Following the filing of this motion, Plaintiffs intend to move to stay all briefing and submission of additional argument and materials in support of and in opposition to this motion to facilitate discussions with Federal Defendants regarding settlement of this motion.

## I.  PLAINTIFFS ARE ENTITLED TO AN AWARD OF FEES AND COSTS UNDER THE ENDANGERED SPECIES ACT

Plaintiffs qualify for an award of attorneys' fees and costs under the Endangered Species Act.  Section 11 of the ESA provides that a "court, in issuing any final order in any suit brought pursuant to [the ESA's citizen-suit provision], may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate."  16 U.S.C. § 1540(g)(4).  An award is "appropriate" under the ESA where the plaintiffs have (1) had "some degree of success on the merits," Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983) (interpreting analogous fee-shifting

provision of the Clean Air Act), and (2) substantially contributed to the goals of the ESA, Carson-Truckee Water Conservancy Dist. v. Sec'y of the Interior, 748 F.2d 523, 525 (9th Cir. 1984), abrogation on other grounds recognized by Marbled Murrelet v. Babbitt, 182 F.3d 1091, 1094-95 (9th Cir. 1999).

Here, Plaintiffs brought suit pursuant to the ESA's citizen-suit provision, 16 U.S.C. § 1540(g)(1), and both requirements are satisfied.  Plaintiffs won a summary judgment ruling and vacatur-and-remand order from this Court that was affirmed in part and remanded in part by the Ninth Circuit.  See Crow Indian Tribe v. United States, 343 F. Supp. 3d 999 (D. Mont. 2018), aff'd in part, remanded in part, 965 F.3d 662.  Among other things, the Ninth Circuit affirmed this Court's judgment that the Federal Defendants violated the ESA by designating and delisting the Yellowstone grizzly bear population without considering whether the remnant of the lower-48 grizzly listing left behind by that action remains a listable entity under the ESA.  Crow Indian Tribe, 965 F.3d at 677-78.  These rulings resolved a fundamental dispute about the interpretation and implementation of the ESA that will affect not only grizzly bears but likely other species as well.

The Ninth Circuit's limited remand did not materially alter Plaintiffs' victory in this Court, which vindicated Plaintiffs' position on the merits, invalidated the Federal Defendants' attempted delisting of the Yellowstone grizzly bear population, and advanced the ESA's goal of ensuring lawful implementation

2

of the ESA Section 4 delisting process.  See <u>Ctr. for Biological Diversity v. Marina Point Devel. Co.</u>, 566 F.3d 794, 805 (9th Cir. 2009) (holding ESA fee award appropriate where plaintiff "obtained a substantial and direct benefit" from court judgment).  Plaintiffs' litigation "served the public interest by assisting the interpretation or implementation" of the ESA and a fee award is appropriate. <u>Carson-Truckee Water Conservancy Dist.</u>, 748 F.2d at 525 (quotations and citation omitted).

## II. PLAINTIFFS ARE ENTITLED TO AN AWARD OF FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT

In the alternative, Plaintiffs are entitled to an award of fees and costs under EAJA.  Plaintiffs are entitled to full compensation for their attorneys' fees and costs under the ESA, but separately demonstrate their entitlement to an award of fees and costs under EAJA out of an abundance of caution in light of that statute's specific requirements for presentation of a fee claim.  See 28 U.S.C. § 2412(d)(1)(B).  Nevertheless, because Plaintiffs' fee claim is justified under the ESA, this Court need not address EAJA.  See <u>Or. Natural Desert Ass'n v. Vilsack</u>, Nos. 2:07-CV-01871-HA, <u>et al.</u>, 2013 WL 3348328, at *2 (D. Or. July 2, 2013) (holding court need not consider EAJA's fee provisions where fee is authorized under ESA).

EAJA provides that a court "shall award" fees and other expenses to "a prevailing party" unless the court "finds that the position of the United States was

substantially justified or that special circumstances make an award unjust."  28

U.S.C. § 2412(d)(1)(A).  Plaintiffs are entitled to fees under EAJA because they

are prevailing parties in this litigation, EAJA's eligibility requirement is satisfied,

and the position of the Federal Defendants was not substantially justified.

### A.    Plaintiffs Are Prevailing Parties

Plaintiffs are prevailing parties under EAJA because they obtained a

"judgment on the merits" reflecting a "'judicial imprimatur'" of their position "that

alters the legal relationship of the parties."  Watson v. County of Riverside, 300

F.3d 1092, 1096 (9th Cir. 2002) (quoting Buckhannon Bd. & Care Home, Inc. v.

W. Va. Dept. of Health, 529 U.S. 598, 600 (2001)).  As discussed, Plaintiffs

prevailed on the merits and the Ninth Circuit affirmed this Court's ruling in all

material respects.  Such "enforceable judgments on the merits … create the

material alteration of the legal relationship of the parties necessary to permit an

award of attorney's fees."  Buckhannon Bd. & Care Home, 532 U.S. at 604 (2001)

(quotation and citation omitted) (discussing parallel fee-shifting provision of Fair

Housing Amendments Act).  Accordingly, Plaintiffs are prevailing parties.

### B.    EAJA's Eligibility Requirement is Satisfied

Plaintiffs Center for Biological Diversity and National Parks Conservation

Association satisfy EAJA's eligibility requirements for an award of fees because

they were exempt from taxation under Section 501(c)(3) of the Internal Revenue

Code and had fewer than 500 full-time employees at the time the complaint in this case was filed.  See 28 U.S.C. § 2412(d)(2)(B).

While Plaintiff Northern Cheyenne Tribe may be ineligible under EAJA, the Tribe was separately represented by its own counsel from the Ziontz Chestnut firm in this case.  Undersigned counsel from Earthjustice served as lead counsel for the non-Tribal parties and local counsel for the Tribe in this Court.  Although the Tribe's attorneys worked with Earthjustice counsel on this case, "this merely reduced the effort that [Earthjustice] needed to expend on the case" and does not disentitle the eligible parties from a full award of fees and costs.  Wash. Dept. of Wildlife v. Stubblefield, 739 F. Supp. 1428, 1432 (W.D. Wash. 1989).[1]

The same conclusion applies regarding the participation of Plaintiff Sierra Club, which is ineligible for an EAJA fee recovery.  As in other litigation where courts have determined not to reduce a fee award under EAJA based on the Sierra Club's participation in a multi-group plaintiff coalition, the "Sierra Club's role in the case was not material and the case would have been filed without it."  League for Coastal Protection v. Kempthorne, No. C 05-0991-CW, 2006 WL 3797911, at

---

[1] Recognizing that the Tribe may be ineligible for an EAJA fee recovery, for purposes of their EAJA claim, Plaintiffs do not seek to recover any compensation for time spent by the Tribe's attorneys in this case, which is valued at $14,898. Plaintiffs' EAJA claim is specified on Ninth Circuit Form AO 291 (attached as Exhibit 1).  However, as discussed above, Plaintiffs are entitled to full compensation for all of their attorneys' fees and costs under ESA Section 11.

*3 (N.D. Cal. Dec. 22, 2006); see Wilderness Soc'y v. Rey, No. CV 01-219-M-

DWM, slip op. at 3 (D. Mont. May 9, 2002) (finding that "role and contribution"

of other plaintiffs demonstrated no "free-rider effect" from Sierra Club

participation in plaintiff coalition) (attached as Exhibit 2).  Accordingly, EAJA's

eligibility requirement is satisfied.

## C.    Federal Defendants' Position Was Not Substantially Justified and No Special Circumstances Render an Award Unjust

Given that Plaintiffs are prevailing parties, the Federal Defendants cannot

defeat an award of fees under EAJA unless their "position," including "both the

underlying [agency] action and the government's litigation posture," was

"substantially justified."  Rawlings v. Heckler, 725 F.2d 1192, 1195-96 (9th Cir.

1984).  "The burden is on the agency to prove that its position was substantially

justified."  Mendenhall v. Nat'l Transp. Safety Bd., 92 F.3d 871, 874 (9th Cir.

1996).

> In the context of attorney's fees determinations, [this Court has] held
> that: "'Substantial justification' is equated with 'reasonableness.' ...
> The government's position is 'substantially justified' if it 'has a
> reasonable basis in law and fact.'" Ramon-Sepulveda v. INS, 863
> F.2d 1458, 1459 (9th Cir.1988) (quoting Pierce v. Underwood, 487
> U.S. 552, 566 n. 2 (1988)); see also Al-Harbi [v. INS], 284 F.3d
> [1080,] 1085 [(9th Cir. 2002)] ("Substantial justification in this
> context means justification to a degree that could satisfy a reasonable
> person.").

Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005).  This inquiry focuses

on "the government's position as a whole."  Ibrahim v. U.S. Dep't of Homeland

<u>Sec.</u>, 912 F.3d 1147, 1168 (9th Cir. 2019) (en banc) (quotations and citation omitted).

Here, Federal Defendants cannot show that their position was reasonable, either in the underlying agency proceedings or in this litigation. This Court granted summary judgment for Plaintiffs on their ESA claim that the U.S. Fish and Wildlife Service unlawfully failed to consider the impact of its Yellowstone grizzly delisting decision on the remnant of the original lower-48 grizzly bear listing. <u>See</u> <u>Crow Indian Tribe</u>, 343 F. Supp. 3d at 1008-15. This Court rejected the Service's "piecemeal approach" of "isolating and delisting populations without questioning the effect on other populations." <u>Id.</u> at 1013. The Ninth Circuit affirmed that ruling, holding that the Service "must determine on remand whether there is a sufficiently distinct and protectable remnant population, so that the delisting of the [Yellowstone population] will not further threaten the existence of the remnant." <u>Crow Indian Tribe</u>, 965 F.3d at 678. These judicial rulings deemed Federal Defendants' central litigation position to be unjustified. <u>See</u> <u>Friends of the</u> <u>Boundary Waters Wilderness v. Thomas</u>, 53 F.3d 881, 885 (8th Cir. 1995) ("The most powerful indicator of the reasonableness of an ultimately rejected position is a decision on the merits and the rationale which supports that decision.").

Federal Defendants' conduct of this litigation and underlying administrative proceedings was also unjustified. Even before the Fish and Wildlife Service

published its proposed Yellowstone grizzly delisting rule, a federal district court in

Washington, D.C. rejected a similar effort by the agency to segregate and delist a

population from a larger listed entity under the ESA without first reviewing or

addressing the status of the larger entity.  See Humane Soc'y of the U.S. v. Jewell,

76 F. Supp. 3d 69, 124 (D.D.C. 2014).  Nevertheless, the Service forged ahead

with the Yellowstone grizzly delisting.  Just one month after the Service finalized

the Yellowstone delisting rule, the D.C. Circuit affirmed the D.C. district court's

ruling on this issue, holding that the Service cannot delist a population from a

larger listed entity "without determining whether the remnant [of the larger entity]

itself remains a species so that its own status under the Act will continue as

needed."  Humane Soc'y of the U.S. v. Zinke, 865 F.3d 585, 600 (D.C. Cir. 2017).

Even then, the Service refused to withdraw the Yellowstone grizzly delisting rule,

instead attempting to "backfill" the gap in its delisting analysis by publishing a

Federal Register review of Humane Society that this Court rightly viewed as

"[a]rguably" constituting an "impermissible post-hoc rationalization" for the

agency's decision.  Crow Indian Tribe, 343 F. Supp. 3d at 1006, 1011 n.5.  This

course of conduct by the Service ended up forcing this Court and, ultimately, the

Ninth Circuit to apply Humane Society to this case.  See id. at 1012-15; Crow

Indian Tribe, 965 F.3d at 677-78.  The Service's persistence in advancing

arguments that were rejected by both the D.C. district court and D.C. Circuit was

not substantially justified.  See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988)

(recognizing that "important" consideration in determining substantial justification

of government's position under EAJA is "the existence of precedents construing

similar statutes or similar facts"); see also Pierce, 487 U.S. at 569 (recognizing that

"a string of losses can be indicative" of lack of justification for government

position).[2]

     Although Federal Defendants lost on this issue, they did succeed on appeal

in narrowing this Court's ruling regarding the required scope of the Service's

remand analysis of the remnant listed lower-48 grizzly bear population.  See Crow

Indian Tribe, 965 F.3d at 678.  Specifically, the Ninth Circuit held that the

Service's reconsideration of the remnant need not extend to a comprehensive

analysis of all factors affecting the species under ESA Section 4(a).  Id.  However,

EAJA mandates "a single evaluation of past conduct" by the government and

"favors treating a case as an inclusive whole, rather than as atomized line-items."

---

[2] Federal Defendants on appeal did not contest this Court's determination that they
violated the ESA by failing to examine the impact of the Yellowstone grizzly
delisting on the remnant of the original lower-48 grizzly listing.  See Crow Indian
Tribe, 965 F.3d at 677.  Nevertheless, they argued against any requirement to
determine whether the remnant is independently protectable under the ESA.  See
Fed. Op. Br. at 27-28; Fed. Reply Br. at 27-28.  The Ninth Circuit rejected their
position in stating that "the FWS must determine on remand whether there is a
sufficiently distinct and protectable remnant population, so that the delisting of the
DPS will not further threaten the existence of the remnant," Crow Indian Tribe,
965 F.3d at 678.

Ibrahim, 912 F.3d at 1168-69 (quoting Comm'r, INS v. Jean, 496 U.S. 154, 159 n.7, 161-62 (1990)).  Here, Federal Defendants' modest appellate success—concerning an aspect of the remand process that was not a focus of Plaintiffs' arguments—falls far short of justifying Federal Defendants' whole course of conduct.  Accordingly, Federal Defendants' position was not substantially justified.

The Ninth Circuit also has held that plaintiffs in environmental citizen suits, such as this case, "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  Saint John's Organic Farm v. Gem Cty. Mosquito Abatement Dist., 574 F.3d 1054, 1062-64 (9th Cir. 2009) (emphasis and quotation omitted).  "Under this standard, the court's discretion to deny a fee award to a prevailing plaintiff is narrow, and a denial of fees on the basis of special circumstances is extremely rare."  Id. at 1063-64 (quotations and citation omitted).  This is not the rare case where such a denial is warranted, as Plaintiffs have reasonably pursued judicial relief for the Federal Defendants' unlawful action and no equitable factors suggest that a fee award would be improper.  See, e.g., Oguachuba v. INS, 706 F.2d 93, 98 (2d Cir. 1983) (explaining that EAJA "directs a court to apply traditional equitable principles in ruling upon an application for counsel fees by a prevailing party").

## III.   PLAINTIFFS' FEE REQUEST IS REASONABLE

Plaintiffs seek a reasonable fee award.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Nadarajah v. Holder, 569 F.3d 906, 910 (9th Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  This method of arriving at a so-called "lodestar" calculation of a reasonable attorneys' fee is "the guiding light of [the] fee-shifting jurisprudence." Purdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010) (quotation omitted). The lodestar figure is presumptively reasonable.  Id. at 554 ("strong presumption"); accord Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).

Applying the lodestar method, Plaintiffs request a recovery of attorneys' fees in the amount of $357,067.  This request represents a reasonable award in this case.

### A.   Plaintiffs Request Reasonable Rates

Plaintiffs request reasonable rates for the attorneys who worked on this matter.  Plaintiffs seek $330-$460/hour for work performed from 2017-2020 by attorney Timothy Preso (admitted to practice since 1994) and $210-$290/hour for work performed during 2017-2019 by attorney Joshua Purtle (admitted to practice since 2014).  Messrs. Preso and Purtle are the Earthjustice lawyers who together conducted the majority of work on this case.  These rates incorporate an increase of $100/hour for Mr. Preso and $50/hour for Mr. Purtle for appellate work.  Plaintiffs

11

also seek rates ranging from $230-$330/hour for other Earthjustice attorneys who

assisted with or undertook important but discrete aspects of this litigation, as

detailed in the accompanying Declaration of Timothy Preso, and $100/hour for law

clerks.  Plaintiffs also request rates of $240-$460/hour for the Ziontz Chestnut

attorneys who represented the Northern Cheyenne Tribe in this case.

Under the ESA's fee-shifting provision, these rates are reasonable because

they are "in line with those prevailing in the community for similar services of

lawyers of reasonably comparable skill and reputation."  Jordan v. Multnomah

Cty., 815 F.2d 1258, 1263 (9th Cir. 1987); see All. for the Wild Rockies v. Savage,

No. CV 15-54-M-DLC, 2019 WL 3293425, at *7 (D. Mont. July 22, 2019)

(approving rates of $300-440/hour for experienced environmental litigators

representing non-profit conservation organization in challenge to federal agency

action, including an additional $100/hour for appellate work).

Plaintiffs' requested rates are also reasonable under EAJA.  While EAJA

establishes a fee recovery rate of $125 per hour, a court may award a higher rate

based on "a special factor, such as the limited availability of qualified attorneys for

the proceedings involved."  28 U.S.C. § 2412(d)(2)(A).  Reimbursement above the

EAJA rate is allowed where an attorney is "qualified for the proceedings in some

specialized sense."  Pierce, 487 U.S. at 572 (quotation omitted).  This "refers to

attorneys having some distinctive knowledge or specialized skill needful for the

litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." Id.  Federal environmental law is a specialized practice area warranting fee enhancements under EAJA.  Love v. Reilly, 924 F.2d 1492, 1496 (9th Cir. 1991).  Moreover, "the combination of substantive legal knowledge and litigation expertise possessed by" attorneys at Earthjustice (formerly known as Sierra Club Legal Defense Fund) "is found almost exclusively in public interest law firms like the Legal Defense Fund," of which there are few.  Wash. Dep't of Wildlife, 739 F. Supp. at1432; see also Pollinator Stewardship Council v. U.S. Envtl. Prot. Agency, No. 13-72346, 2017 WL 3096105, at *4 (9th Cir. June 27, 2017) (quoting and relying on testimony that Earthjustice's "reputation as one of the leading environmental and land use law firms in the nation … is well-founded and due to the high caliber, skill and commitment of its attorneys") (alteration omitted).  Thus, courts in this Circuit have consistently granted Earthjustice attorneys fee enhancements based on their environmental expertise and the limited availability of that expertise.  See, e.g., Wilderness Society, slip op. at 5 (Ex. 2); Portland Audubon Soc'y v. Lujan, 865 F. Supp. 1464, 1476 (D. Or. 1994); see also Pollinator Stewardship Council, 2017 WL 3096105, at *2-7.  Fee enhancements at the requested rates are equally justified here.

13

**B.     The Attorney Hours for Which Compensation Is Sought Are Reasonable**

Plaintiffs seek a fee recovery for attorney time reasonably spent by their counsel.  The attorney hours expended by Plaintiffs' counsel in prosecuting this case are reflected in contemporaneous time records kept by the attorneys, which are collected in itemized time statements provided in exhibits to the declarations of Timothy Preso and Beth Baldwin filed in support of this motion.  The attorney hours presented in these exhibits reflect an exercise of billing judgment to eliminate redundant or unnecessary time entries, time spent on media outreach and case intake procedures, and time spent exclusively on addressing litigation advocacy by intervenors who supported the Federal Defendants.  Further, for purposes of settlement only, Plaintiffs have eliminated time entries associated with preparation of their claim for attorneys' fees and costs.

Plaintiffs' reasonably expended attorney hours are summarized here:

| Timekeeper | hours | value |
|---|---|---|
| Lowell Chandler | 39.00 | $3,900.00 |
| Erik Federman | 3.10 | $310.00 |
| Jenny Harbine | 11.30 | $3,614.00 |
| Erin Hogan | 4.80 | $480.00 |
| Aurora Janke | 3.00 | $720.00 |
| Sharmeen Morrison | 5.90 | $590.00 |
| Katherine O'Brien | 57.60 | $13,865.00 |
| Timothy Preso | 483.10 | $176,212.00 |

| | | |
|---|---|---|
| Joshua Purtle | 612.70 | $142,478.00 |
| Beth Baldwin | 10.30 | $3,078.00 |
| Brian Chestnut | 4.70 | $1,648.00 |
| Joshua Osborne-Klein | 34.00 | $10,072.00 |
| Wyatt Golding | .40 | $100.00 |
| **TOTAL** | **1,269.90** | **$357,067.00** |

As further detailed in Plaintiffs' time records and the referenced supporting declarations, Plaintiffs' attorneys efficiently prosecuted this case.  Mr. Preso served as lead counsel with assistance from Mr. Purtle.  Messrs. Preso and Purtle generally divided issues for initial drafting to maximize efficiencies and eliminate redundancies.  Two other experienced practitioners, Jenny Harbine and Katherine O'Brien, contributed to prosecution of this case at key points, including in reviewing and commenting on draft briefs on the merits and participating in moot courts in advance of key oral arguments.  In addition, Ms. O'Brien substituted as lead counsel for Plaintiffs at a March 13, 2018 hearing in this Court on an important motion to stay when Mr. Preso had a conflicting obligation to present oral argument on the merits of another case.  Plaintiffs further maximized efficiencies by generally relying on law clerks and more junior attorneys to handle legal research and cite-checking tasks.  Attorneys from the Ziontz Chestnut firm provided strategic advice and reviewed briefs drafted by Earthjustice counsel.

Given the number and complexity of the issues in this case, the attorney hours for which Plaintiffs seek to recover fees are reasonable.

## IV.   PLAINTIFFS ARE ENTITLED TO RECOVER THEIR COSTS AND EXPENSES FOR DISTRICT COURT WORK

In addition to their reasonable attorneys' fees, Plaintiffs are entitled to recover their costs and expenses associated with the District-Court phase of this litigation.  ESA Section 11 authorizes an award of "costs of litigation."  16 U.S.C. § 1540(g)(4).  EAJA authorizes recovery of "costs" and "other expenses," 28 U.S.C. § 2412(a)(1), (d)(1)(A), and the Ninth Circuit has interpreted "other expenses" under EAJA to include "costs that are ordinarily billed to a client," such as telephone calls, postage, and attorney travel expenses, Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan, 792 F.2d 762, 767 (9th Cir. 1986).[3]

Here, Plaintiffs seek to recover a total of $2,896.13 in costs and expenses incurred in this litigation, including filing fees, postage and delivery service, online research, and telephone, copying, and travel expenses—all expenses for which Plaintiffs' attorneys routinely bill their clients for reimbursement.  See Exhibit B to Preso Decl. (itemizing costs and expenses).  Because these costs were reasonably

---

[3] The Ninth Circuit's opinion in these appeals ordered "[e]ach party to bear its own costs."  Crow Indian Tribe, 965 F.3d 662, at 681.  Accordingly, Plaintiffs not seek recovery of appellate costs in this motion.

expended to advance the Conservation Groups' successful litigation, an award of $2,896.13 for litigation costs is appropriate.

## CONCLUSION

Plaintiffs seek a recovery of attorneys' fees in the amount of $357,067 and costs in the amount of $2,896.13, for a total request of $359,963.13.  If settlement discussions fail to yield an agreement regarding this fee application, Plaintiffs will provide documentation of their entitlement to additional fees and costs, including those incurred in connection with this application, as well as further support for the recovery sought in this motion.

Respectfully submitted this 14th day of September, 2020.

/s/ Timothy J. Preso
Timothy J. Preso
Earthjustice
313 East Main Street
Bozeman, MT  59715
(406) 586-9699
tpreso@earthjustice.org

*Counsel for Plaintiffs Sierra Club, Center for Biological Diversity, and National Parks Conservation Association and Local Counsel for Plaintiff Northern Cheyenne Tribe*

Beth Baldwin
Ziontz Chestnut
2101 Fourth Avenue, Suite 1230
Seattle, WA 98121
(206) 448-1230 | Phone
(206) 448-0962 | Fax
bbaldwin@ziontzchestnut.com

*Counsel for Plaintiff Northern*
*Cheyenne Tribe*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I hereby certify that the foregoing brief contains 3,806 words, as determined by the word count function of Microsoft Word.

/s/ Timothy J. Preso
Timothy J. Preso

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was today served via the Court's CM/ECF system on all counsel of record.

/s/ Timothy J. Preso
Timothy J. Preso